**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN M. HUDSPATH, | No.    23-4207 |
| Petitioner - Appellant, | D.C. No. 3:20-cv-00638-LRH-CLB |
| v. | |
| TIM GARRETT and ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 3, 2025
Las Vegas, Nevada

Before:  RAWLINSON, MILLER, and DESAI, Circuit Judges.

Melvin M. Hudspath appeals the district court's denial of his 28 U.S.C. § 2254

federal habeas petition. He claims that he received ineffective assistance of counsel

("IAC") because his trial attorney failed to move to suppress evidence from a

warrantless cell phone search. We have jurisdiction under 28 U.S.C. §§ 1291, 2253.

We affirm.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"We review de novo the district court's denial of habeas relief." *Ybarra v. McDaniel*, 656 F.3d 984, 989 (9th Cir. 2011). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we defer to the state court's decision on the merits of any claim, except we review de novo if (1) "the decision was contrary to or involved an unreasonable application of clearly established Federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented." *Catlin v. Broomfield*, 124 F.4th 702, 721 (9th Cir. 2024) (cleaned up); *see Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014).

1.    The government argues that Hudspath's IAC claim is partially unexhausted and procedurally defaulted because he advances "new" legal theories in his opening brief. *See* 28 U.S.C. § 2254(b)(1)(A); *Atkins v. Bean*, 122 F.4th 760, 771 (9th Cir. 2024). Hudspath's opening brief does not raise "new" legal theories, and his arguments do not "fundamentally alter" the substance of his IAC claim. *Atkins*, 122 F.4th at 771. Rather, Hudspath's arguments respond to the government's arguments and to portions of the district court's order. *See Gimenez v. Ochoa*, 821 F.3d 1136, 1141 (9th Cir. 2016) (explaining that "a petitioner can introduce additional facts to support a claim on federal habeas review" if "the information does not fundamentally alter the legal claim already considered." (cleaned up)). Hudspath's IAC claim is thus properly before us.

2.    We review Hudspath's claim de novo because the state court's decision

was based on an unreasonable application of clearly established federal law. Specifically, the Nevada Supreme Court unreasonably determined that *People v. Diaz*, 244 P.3d 501 (Cal. 2011), "condoned" or authorized the warrantless search of Hudspath's cell phone and that the cell phone evidence was thus admissible under the good-faith exception.[1] *See United States v. Leon*, 468 U.S. 897, 925 (1984).

Even so, Hudspath's trial counsel was not ineffective because his representation did not fall below an objective standard of reasonableness. *See Staten v. Davis*, 962 F.3d 487, 495 (9th Cir. 2020) ("Under the first prong, *Strickland* requires a showing that counsel's performance was deficient, measured by a standard of reasonable professional assistance."); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other.").

Hudspath's counsel testified that he "looked into the issue" of a motion to suppress the cell phone evidence and concluded there was "no issue" after his investigation. Counsel could have reasonably concluded that officers may conduct a warrantless search of a cell phone within a vehicle if they have probable cause to search the vehicle. *See United States v. Ross*, 456 U.S. 798, 823–25 (1982) (allowing

---

[1]    *Diaz* did not specifically and clearly authorize the officer to conduct a warrantless search of Hudspath's cell phone because his cell phone was found not on Hudspath's person, but in his car after his arrest. *See Diaz*, 244 P.3d at 502; *see also United States v. Holmes*, 121 F.4th 727, 734 (9th Cir. 2024); *United States v. Lara*, 815 F.3d 605, 613 (9th Cir. 2016).

warrantless search of containers and packages within a vehicle).[2] Given the evolving case law and ambiguities regarding warrantless cell phone searches at the time of Hudspath's arrest, Hudspath's counsel acted "within the 'wide range' of reasonable professional assistance" when he decided not to file the motion. *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)); *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

3.    We decline to expand the certificate of appealability to address Hudspath's uncertified IAC claim based on his counsel's failure to challenge the breadth of the search warrant for his cell phone. Even if counsel had filed a successful motion, it would not have led to a total suppression of evidence. *See United States v. Clark*, 31 F.3d 831, 836 (9th Cir. 1994); *United States v. Sears*, 411 F.3d 1124, 1129 (9th Cir. 2005). And Hudspath does not specify the items that were seized because of the alleged overly broad warrant. Thus, Hudspath has not made a "substantial showing of the denial of [his] constitutional right." *Catlin*, 124 F.4th at 721 (quoting *Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017)).

    **AFFIRMED.**

---

[2]    When Hudspath was arrested in March 2014, the Supreme Court had not yet decided *Riley v. California*, 573 U.S. 373, 378, 386, 393 (2014) (holding that police generally may not, "without a warrant, search digital information on a cell phone seized from an individual who has been arrested" because cell phones have "immense storage capacity" with more substantial privacy interests).